By the Court, Cowen, J.
The judge told the jury that the question of fraudulent, intent was a question of fact for them; and read 2 R. S. 70, § 5, 2d ed., directing, that if they found the assignment had been accompanied by an immediate delivery, and been followed by actual and continued change of possession, their verdict must be for the plaintiff; but if the goods continued in possession of Norton, the debtor, they must inquire whether any good reason was shown. That the explanation lay with the plaintiff, and if such good reason was shown, they should find for the plaintiff, otherwise for the defendant.
*350 Leaving the question of fraud to the jury, and reading to them the fifth section of the statute, was fully equivalent to charging them in the language of the first instruction as prayed by the plaintiff’s counsel.
The second prayer for instructions was wrong. Though the assignees took possession and held it till they sold to the plaintiff, it did not follow that his employing Norton as his-agent or clerk, would not avoid the sale, without connecting several other considerations with it, especially the nature and object of the employment. It might have been with the direct and avowed object of defrauding the creditors, or some off them.
The third prayer for instructions was, that if the plaintiff, when he purchased, actually and bona fide employed Norton as his clerk to sell the goods, it would not render the sale void. This was virtually covered by the charge to inquire whether there had been an actual and continued change of possession. That involved the question whether Norton was employed as a mere clerk, agent or servant to the plaintiff, and was honestly to act for him in either capacity, or whether he, was put in possession as the ostensible servant, but real owner, to take the profits for his own benefit, and keep them from the creditors. In the former case, there would have been a change of possession‘in one sense, for Norton’s possession would have been that of the plaintiff; in the latter, it would have been his own continuing possession, and might have avoided the assignment and sale. The judge might, perhaps, with propriety have put this in the more specific form requested; but having substantially said the same thing in another form, he was not bound to modify his charge. The dispute was about the force of different words importing the same thing.
The question addressed to Russell, was clearly inadmissible. It was for the jury, not for him, to say whether he intended to commit a fraud. Of this, they were to judge from the whole transaction, uninfluenced by what might have been his secret intent. His conduct, and other facts *351 to be collected from him and other witnesses, were the tests by which the jury were to decide. The operations of the witness’ mind could not affect the question one way or the other. If there was no' consideration for the assignment and no change of possession for instance, his honesty could not deprive the creditor of a right to take the goods in execution; and, on the other hand, if there was a good consideration, and an immediate delivery and continued change of possession, his fraudulent intent would not vitiate the assignment or sale. The conduct of others was mainly in question. The witness was a mere assignee, professing to have taken for the benefit of creditors. That he meant no fraud might well be, and yet the real actors have intended far, otherwise. They might have used him as an innocent instrument, so that, after his answer one way or another, the case would have stood precisely where it did before. In either view, the question was irrelevant; and I suppose it was objected to and overruled for that reason, though no ground was mentioned.(a) If pertinent, however, another objection might have been, that it was a leading question, addressed by the plaintiff’s counsel to his own witness. The motion for a new trial must be denied.
New trial denied.

 See per Cowen, J. in Sizer v. Miller, (ante, p. 227, 233, 234)